UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN PEARSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1450 CDP |
| | ) | |
| LOGAN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Morgan Pearson and Kirsten Kirkpatrick were chiropractic students at Logan

University who allege that they were sexually harassed by a fellow student.

Plaintiffs claim they reported the alleged harasser's behavior to Logan, but Logan

responded inadequately to their complaints. They bring claims against Logan for

gender discrimination under 20 U.S.C. § 1681 (Title IX), as well as state law

claims for negligence, premises liability, and violations of the Missouri

Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010, *et seq.*

Logan moves to dismiss Kirkpatrick's Title IX claim and all state law claims

under Federal Rule of Civil Procedure 12(b)(6). Logan also seeks to strike

paragraphs 11 through 32 of the first amended complaint.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure

16(b)(6) is to test the legal sufficiency of the complaint. When considering a

12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The court enjoys "liberal discretion" in deciding whether to strike matters from a pleading, although motions to strike are infrequently granted. *Stanbury Law Firm v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Title IX states that "[n]o person in the United States shall, on the basis of sex, . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). As a recipient of federal funds, Logan is subject to liability for violations of Title IX, but only for damages arising from its own misconduct. *Wolfe v. Fayetteville, Arkansas Sch. Dist.*, 648 F.3d 860, 864 (8th Cir. 2011); *Ostrander v. Duggan,* 341 F.3d 745, 750 (8th Cir. 2003). "Educational institutions may be liable for deliberate indifference

to known acts of harassment by one student against another." *Roe v. St. Louis University*, 746 F.3d 874, 882 (8th Cir. 2014). "To be actionable an institution's deliberate indifference must either have caused the harassment or made students vulnerable to it." *Id.* "A plaintiff must show that the institution had substantial control over both the harasser and the context in which the known harassment occurs." *Id.* (internal quotation marks and citation omitted). To avoid liability, Logan "must merely respond to known peer harassment in a manner that is not clearly unreasonable." *Id.* (internal quotation marks and citation omitted). An alleged failure to comply with Title IX regulations does not amount to deliberate indifference or provide a plaintiff with a private right of action. *Id.* at 883-84. Harassment can constitute discrimination if it is "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school" and if the school has "actual knowledge" of the harassment. *Davis,* 526 U.S. at 650; *Wolfe*, 648 F.3d at 864.

Having reviewed Kirkpatrick's allegations under the relevant standards, I conclude that her Title IX claim survives dismissal at this time. While Kirkpatrick may not ultimately be able to prove that the alleged harasser's actions amount to actionable harassment, or that Logan was deliberately indifferent to the

harassment, she is entitled to present evidence in support of her claims. The motion to dismiss Kirkpatrick's Title IX claim will be denied.

Plaintiffs' state law claims for negligence and premises liability survive dismissal at this time as well. Again, whether plaintiffs will ultimately prevail on their claims is not before me at this time. The motion to dismiss will be denied as to these claims.

The same cannot be said of plaintiffs' MMPA claim, however. Even if, as plaintiffs argue, they are not required to plead this claim with particularity under Fed. R. Civ. P. 9(b) because they are not "necessarily" claiming that Logan's advertising practices are "fraudulent," they have still failed to state a claim under Rule 12(b)(6) because they have not identified any advertisement that actually violates the MMPA. Plaintiffs cannot exempt themselves from basic pleading requirements by alleging that Logan's alleged violations of the MMPA are "literally too numerous to comprehensively catalog . . . ." [Doc. 13 at 528]. Plaintiffs' conclusory allegation that Logan violated the MMPA fails to state a claim under Rule 12(b)(6). Accordingly, Count IV of plaintiffs' first amended complaint will be dismissed.

Finally, as the allegations contained in paragraphs 11 through 32 of plaintiffs' first amended complaint do not form the basis of any claims made by plaintiffs, they will be stricken as immaterial. Plaintiffs argue that these

allegations of other types of discrimination at Logan may be relevant background evidence in their case. Even if true, they are not appropriately pleaded in the complaint, which should contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that motion to strike amended complaint [14] is granted, and paragraphs 11 through 32 are stricken from the first amended complaint.

**IT IS FURTHER ORDERED** that the motion to dismiss [15] is granted in part and denied in part as set out above, and Count IV of plaintiffs' first amended complaint is dismissed.

This case will be set for a Rule 16 conference by separate Order.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 27th day of February, 2017.