UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN PEARSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1450 CDP |
| | ) | |
| LOGAN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs move for sanctions against defendant "for the intentional manipulation and spoliation of the most important evidence in this matter." The motion will be denied.

Plaintiffs argue that defendant altered the report of defendant's investigation into plaintiffs' claims of sexual harassment against a fellow chiropractic student at Logan University. That report includes witness interviews, including the interview of Theresa Zemcuznikov which is at issue in this motion. The witness interview of Zemcuznikov was attached in its entirety at Exhibit L to plaintiff's complaint. [1-12]. Plaintiffs argue that the document has been "altered" because the page numbers differed on the document when it was offered as an exhibit at the deposition of plaintiff Pearson and that exhibit was missing the second page of Zemcuznikov's interview. Plaintiffs demand a sanction for the "spoliation" of

evidence. Plaintiffs did not attempt to resolve this issue with defendant prior to filing the motion, which is filled with inflammatory rhetoric.

Defendant responds that the difference in pagination resulted from converting the native documents into a .pdf format for document production. Defendant acknowledges that the second page of Zemcuznikov's interview was inadvertently omitted from the copy of the exhibit offered at Pearson's deposition, but it promptly pointed this fact out to plaintiffs' counsel, who persisted in filing this motion anyway.

There is no dispute that there has been no alteration to the substance of the document itself, or that plaintiffs have been in possession of Zemcuznikov's complete witness statement since before this case was filed as they attached it as Exhibit L to the complaint. Moreover, defense counsel has represented as an officer of this Court that any pagination differences between Exhibit L and the exhibit offered at Pearson's deposition are solely the result of formatting the document for production during discovery. Plaintiffs have offered no evidence demonstrating that they are prejudiced by any pagination differences between Exhibit L and the copy of the exhibit produced during Pearson's deposition. Under these circumstances, the motion for sanctions will be denied.

Plaintiffs' request for a protective order, which was not properly filed as a separate motion but instead attached as an exhibit to their reply brief in support of

this motion, will be denied without prejudice to being refiled, if necessary, as a separate motion and only after counsel has engaged in a good faith effort to resolve this issue without Court intervention. Finally, I echo the admonition previously issued by this Court to plaintiffs' counsel in *Kelly Leinert, et al. v. Saint Louis County, Missouri, et al.*, that he "reconsider the manner in which he advocates on behalf of his clients in the future." [Case No. 4:14CV1719 CAS at Doc. #38]. This includes the use of objectionable rhetoric as well as counsel's failure to attempt resolution of discovery disputes without Court intervention.

Accordingly,

**IT IS HEREBY ORDERED** that motion for sanctions [27] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2017.