UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN PEARSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1450 CDP |
| | ) | |
| LOGAN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs move to compel discovery responses from defendant. Plaintiffs' motion will be denied because it does not comply with Local Rule 3.04 and plaintiffs were previously warned of the importance of complying with this rule before filing motions to compel. [30]. Moreover, plaintiffs have not attempted to resolve this dispute in the manner required by the rule. Characterizing opposing counsel's approach as "highly illegal" is not a sincere effort to resolve a discovery dispute.

In addition, my Memorandum and Order dated November 8, 2017, did not rule on any objections to interrogatories or requests for production, nor did it resolve a legal issue in plaintiffs' favor as plaintiffs have claimed. It simply permitted plaintiffs to depose Dr. Paine. While plaintiffs may be entitled to some of the information they seek – insofar as it concerns the alleged harasser in this

case and complaints made by the students identified in Interrogatory 6 – the discovery requests are overly broad in scope and time period. Plaintiffs' counsel should engage in substantive, good faith discussions with defense counsel about how to resolve its objections before filing motions to compel. If defendant continues to refuse production of relevant information, plaintiffs may again move to compel production as long as the motion complies with the letter and the spirit of Local Rule 3.04.

Accordingly,

**IT IS HEREBY ORDERED** that motion to compel [36] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2017.